JS 44   (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Karen Castagna, as Trustee for Ralph Dispigno, Jr. et. al.

**(b)** County of Residence of First Listed Plaintiff   **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Theodore Jobes, Esquire, Fox Rothschild LLP, 2000 Market Street 20th Floor, Philadelphia, PA 19103 (215) 299-2786

## DEFENDANTS

James Rubino, Jr., Edward Rubino, Ryan Rubino, et al.

County of Residence of First Listed Defendant   **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                           *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | | ☒ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | **Habeas Corpus:** | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 463 Alien Detainee | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 510 Motions to Vacate | | State Statutes |
| | Employment | Sentence | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 530 General | | |
| | Other | ☐ 535 Death Penalty | **IMMIGRATION** | |
| | ☐ 448 Education | **Other:** | ☐ 462 Naturalization Application | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | |
| | | ☐ 550 Civil Rights | Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - | | |
| | | Conditions of | | |
| | | Confinement | | |

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1125 (a)(1)(a)

Brief description of cause:
Trademark Infringement and Related Claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $  NON MONETARY RELIEF AND DAMAGES

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

NOBE   *(See instructions:)*

JUDGE

DOCKET NUMBER

DATE   9/21/16

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1759 Spring House Road, Chester Springs, PA 19425

Address of Defendant: 134 Race Street, Ambler, PA 19002

Place of Accident, Incident or Transaction: 760 South 9th Street in South Philadelphia
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒ X

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒ X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☐ X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☐ X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Trademark Infringement

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Theodore H. Jobes, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/21/16  Theodore H. Jobes  62165

Attorney-at-Law  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/21/16  Theodore H. Jobes  62165

Attorney-at-Law  Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Karen Castagna, As Trustee for Ralph :          CIVIL ACTION
Dispigno, Jr., Michele Anastasi and :
Frank Spadea :
             vs. :          NO.
James Rubino, Jr., et al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x )

| 9/21/16 | Theodore H. Jobes | Attorney for Plaintiffs |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | tjobes@foxrothschild.com |
| 215-299-2786 | 215-299-2150 | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KAREN CASTAGNA, AS TRUSTEE
FOR RALPH DISPIGNO, JR., MICHELE
ANASTASI, AND FRANK SPADEA,

        Plaintiffs,

    v.

JAMES RUBINO, JR., EDWARD
RUBINO, RYAN RUBINO, ELAINE
DODARO AND RALPH'S OF PHILLY,
INC.,

        Defendants.

CIVIL ACTION NO.

## COMPLAINT

Plaintiffs, Karen Castagna, as trustee for Ralph Dispigno, Jr., Michele Anastasi, and Frank Spadea (collectively, the "Dispigno Parties"), by and through their undersigned counsel, file this complaint against defendants James Rubino, Jr., Edward Rubino, Ryan Rubino, Elaine Dodaro and Ralph's of Philly, Inc. (collectively, the "Rubino Parties"), and in support thereof, allege the following:

## INTRODUCTION

1.    The parties are owners of Ralph's Restaurant, Inc. ("Original Ralph's"), located at 760 South 9th Street in South Philadelphia. Original Ralph's, in existence for 116 years, is thought to be the oldest Italian restaurant in the United States. This action arises out of the intentional infringement and misappropriation of intellectual property, unfair competition and breach of fiduciary duties (including diversion of corporate opportunities and self-dealing) by the Rubino Parties.

2.    The Rubino Parties, who include certain shareholders, the sole director, officers (including the President) and employees of Original Ralph's, opened another Italian restaurant location ("New Ralph's"), less than 20 miles from Original Ralph's, using intellectual property belonging to Original Ralph's.  The Rubino Parties also have begun offering franchises of New Ralph's, substantially leveraging the intellectual property and goodwill of Original Ralph's in the process.  They have done so without the permission of the Dispigno Parties or Original Ralph's and without any agreements with Original Ralph's.  The Dispigno Parties dispute the Rubino Parties' right to engage in these actions, which constitute infringement and misappropriation of intellectual property, unfair competition and the breach of fiduciary duties.  The Dispigno Parties seek compensation for Original Ralph's in respect to the Rubino Parties' use of Original Ralph's intellectual property and corporate opportunities.

3.    The Rubino Parties also have breached their fiduciary duties to Original Ralph's in several other ways, including making major corporate decisions without shareholder consent, refusing to share financial information with certain shareholders (the Dispigno Parties, individually and collectively), overcompensating themselves for their efforts on behalf of Original Ralph's (which further deprives other shareholders from rightful distributions) and failing to both establish standard financial controls and follow corporate governance formalities, among other actions.  They have dictated who should and should not receive a "salary" or other distributions, regardless of services rendered or ownership rights.  The Dispigno Parties seek an accounting and to implement greater transparency and financial controls in the operation of Original Ralph's and New Ralph's, as well as to ensure there is true separation of business activities, staff and resources between the two restaurants.  The Dispigno Parties also seek

rightful and equitable salary and owner distributions, based on services rendered and a *pro rata* split of true profits, respectively.

## THE PARTIES

4.     Plaintiff, Karen Castagna, is an adult individual who resides at 1759 Spring House Road, Chester Springs, Pennsylvania 19425.  Karen Castagna is the Trustee for Ralph J. Dispigno, Jr. under the Revocable Trust of Ralph J. Dispigno dated December 14, 2006.  The Revocable Trust of Ralph J. Dispigno, Jr. dated December 14, 2006 owns twenty five percent (25%) of Original Ralph's.

5.     Plaintiff, Michele Anastasi, is an adult individual who resides at 9 Wendee Way, Sewell, New Jersey 08080.  Michele Anastasi owns twelve and one half percent (12.5%) of Original Ralph's.

6.     Plaintiff, Frank Spadea, is an adult individual who resides at 12 Wendee Way, Sewell, New Jersey 08080.  Frank Spadea owns twelve and one half percent (12.5%) of Original Ralph's.

7.     Defendant, James Rubino, Jr., is an adult individual who resides at 134 Race Street, Ambler, Pennsylvania 19002.

8.     Defendant, Edward Rubino, is an adult individual who resides at 54 Lenape Road, Richboro, Pennsylvania 18954.

9.     Defendant, Ryan Rubino, is an adult individual who has a place of business at 480 North Gulf Road, King of Prussia, PA 19406.

10.     Defendant, Elaine Dodaro, is an adult individual who resides at 762 South 9th Street, Philadelphia, Pennsylvania 19147.

11.     Defendant, Ralph's of Philly, Inc., is a corporation with its principal place of business located at 480 North Gulf Road, King of Prussia, PA 19406.  Ralph's of Philly, Inc. operates New Ralph's in King of Prussia.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1338, and 1367.  Plaintiffs' claims arise under federal law and, to the extent they arise under state law, this Court has supplemental jurisdiction.

13.     Venue is proper in this district under 28 U.S.C. Section 1391(b) because defendants reside in this district and because a substantial part of the events or omissions giving rise to the claims, and a substantial part of the property that is the subject of this action, is situated in Philadelphia, Pennsylvania, within this district.

## FACTUAL BACKGROUND

14.     Original Ralph's was founded in 1900 by Francesco and Catherine Dispigno, ancestors of the Dispigno Parties and the Rubino Parties.  It has been in continuous operation in South Philadelphia for 116 years and is thought to be the oldest Italian restaurant in the United States of America.

15.     The Dispigno Parties own, and/or represent the owners of, fifty percent (50%) of the outstanding shares of Original Ralph's.

16.     The Rubino Parties (with the exception of Ryan Rubino) own, and/or represent the owners of, the other fifty percent (50%) of the outstanding shares of Original Ralph's.

17.     Elaine Dodaro is the sole director of Original Ralph's.

18.     As a part-time employee, James Rubino, Jr. is its Chief Executive Officer, President and Secretary.

19.     Edward Rubino is also a part-time employee of Original Ralph's.

20.     Accordingly, the Rubino Parties include the sole director, officers (including the President) and employees of Original Ralph's.

21.     Ryan Rubino is an employee and owner of New Ralph's and the son of James Rubino, Jr.; plaintiffs do not believe he has any formal position in Original Ralph's, though it is believed that he does receive compensation from Original Ralph's.

22.     The namesake of Original Ralph's is Ralph Dispigno, Jr.   Mr. Dispigno has worked at Original Ralph's for three-quarters of a century (bussing, waiting, cooking, mentoring, determining recipes, menu items and prices, etc.).   He is in excellent health and intends to continue working and being physically present.   Customers still request him by name.   He is the only owner of Original Ralph's who is – and the only owner who consistently has been – present at the restaurant for a considerable amount of time on a daily basis (currently, approximately six days per week, nine hours per day, and more when he was a younger man).

23.     Without the consent of the Dispigno Parties, the Rubino Parties formed another entity, Ralph's of Philly, Inc., and, in September 2012, caused it to open another restaurant named "Ralph's of South Philly" located at 480 North Gulph Road in King of Prussia, Pennsylvania at the Sheraton Valley Forge (previously identified as "New Ralph's").   At least 75% of Original Ralph's shareholders are **not** shareholders of New Ralph's.

24.     Since its inception, New Ralph's has used and advertised itself under the intellectual property and goodwill of Original Ralph's, including its name, logo, reputation, menu, menu item names, recipes and social media (the "IP"), referring to both restaurants as "sister" restaurants.

25.     The trademarks, trade names and trade dress of Original Ralph's are unregistered. New Ralph's uses the Original Ralph's website and Facebook page to advertise, leveraging Old Ralph's photos, images, fonts and other design items.  New Ralph's advertises on Philly.com and Good Day Philadelphia-Fox 29 News, as well as other media outlets, where it has misrepresented that the New Ralph's location was opened by Original Ralph's pursuant to an agreement with the Sheraton.

26.     When New Ralph's opened, the Rubino Parties caused multiple Original Ralph's employees, including one of its tenured cooks, to work instead at New Ralph's.

27.     Neither Original Ralph's nor the Dispigno Parties have ever granted the Rubino Parties permission to open New Ralph's or to use the IP.

28.     New Ralph's is and since its inception has been using the IP without permission and without a licensing agreement with or any compensation paid to Original Ralph's.  For example:

a.     New Ralph's advertises using a website that is substantially identical to the website used by Original Ralph's, which includes the design of a house front that Original Ralph's once attempted to trademark.[1]  *Compare* http://ralphsrestaurant.com/ (Original Ralph's website) *with* http://www.ralphsofsouthphilly.com/ (New Ralph's website).

b.     The New Ralph's website states that "Ralph's is owned and operated by the fourth and fifth generation of the Dispigno/Rubino family, insuring that you will receive the same great food and high quality service that has been a Ralph's tradition for over 100 years!" http://www.ralphsofsouthphilly.com/.

---

[1]  The United States Patent and Trademark Office lists the trademark "Abandoned" as of April 16, 2001.

29.     The Rubino Parties have repeatedly made statements to the media and the public suggesting (or outright falsely stating) that New Ralph's and Original Ralph's are the same entity.  For example, in a December 4, 2012 interview in the *King of Prussia Courier News*, Ryan Rubino stated: "Our competitive advantage is that we're not a chain.  Granted, this is our second location," he added, "but it's still run by the same family, serving the original recipes for the most part.   I think people will appreciate that and enjoy it."   *See* http://www.mainlinemedianews.com/articles/2012/12/04/king_of_prussia_courier/news/doc50b6 60fa141b6674366950.txt?viewmode=fullstory.

30.     Additionally, without permission from Original Ralph's or the Dispigno Parties, and without any indemnification or other protections for Original Ralph's, the Rubino Parties have and continue to cause the New Ralph's entity to offer franchises for sale.

31.     New Ralph's misrepresents that these franchising efforts are being made on behalf of Original Ralph's.

32.     Upon information and belief, New Ralph's is essentially operating as a *de facto* franchisee and the franchise rights the Rubino Parties are attempting to sell are, in fact, franchise rights to Original Ralph's.

33.     While the Rubino Parties contend that they are franchising New Ralph's, their use of the Original Ralph's IP, reputation and heritage to market franchises demonstrate that, without Original Ralph's, they have no business and nothing to market.  Indeed, New Ralph's was in existence in its King of Prussia location for only two years when the Rubino Parties began their franchising efforts.

34.     To the Dispigno Parties' knowledge, no franchises have been sold.

-7-

35.     While the Rubino Parties had agreed to halt their franchise operations, they continued to (and still do) maintain a website dedicated to the offering and selling of Ralph's Italian Restaurant franchises (www.ownaralphs.com) and have been on the Fox 29 Morning Show promoting their "Own a Ralph's" opportunities.

36.     Further, the Rubino Parties actually advertise this endeavor *at* Original Ralph's via the table placemats that say "own a piece of Ralph's" and direct Original Ralph's customers to the franchise website.

37.     For example, the website advertising franchises invites the prospective franchisee to "[j]oin the original family of the oldest Italian restaurant in the country" and states that it has been in business for over 115 years (New Ralph's opened late in 2012).

38.     The picture on the franchise website landing page is that of Karen Dispigno's father, Ralph Dispigno, Jr.'s, engagement party, held on location in Original Ralph's in 1949.

39.     A testimonial attributed to Ryan Rubino, son of James Rubino, Jr. and an employee and owner of New Ralph's, directly links the trademarks of the franchised concept to the trademarks of Original Ralph's:  "I think my great-great grandparents would be quite proud of where **the brand** has come. . . . Now, we are adding a few more pieces to our business, while **protecting the legacy of the brand**.  The great thing about Ralph's is that **the brand is now the combination of many generations of my family**."  http://www.ownaralphs.com/  (Emphasis added).

40.     The Rubino Parties at one point made a wholly inadequate offer to the Dispigno Parties with regard to the Rubino Parties' franchise plans.  Specifically, the Rubino Parties offered only an anemic "Co-Existence Agreement" offering a mere 20% of the initial franchise fee (*i.e.*, a one-time only nominal payment with no future royalty payments or other

compensation) in exchange for using every aspect of the intellectual property and goodwill of Original Ralph's. The Dispigno Parties rejected this inadequate offer, and the Rubino Parties have continued with their franchising plans without any compensation to Original Ralph's or the Dispigno Parties.

41.     The Dispigno Parties have never been against expansion. However, the Rubino Parties have not respected the current ownership of Original Ralph's in their several attempts to expand.

42.     Moreover, the Rubino Parties and New Ralph's have not provided Original Ralph's any indemnification agreement or other protection in the event that a problem arises or a consumer or vendor raises a claim against Original Ralph's – arising out of an incident at New Ralph's or in connection with the Rubino Parties' franchising activities – based on the public perception that the restaurants are related or the same.

43.     To the extent the Rubino Parties have sought to include the Dispigno Parties at all, their proposals have been inequitable and misaligned economically. For example, in 2002, James and Edward Rubino attempted to expand the business using venture capital monies. Mere days before the intended signing of an agreement with the venture capitalists, the Rubino brothers offered the other Original Ralph's shareholders just two and a half percent ownership interest in the new venture (10.0% to Ralph's Restaurant, Inc.; *i.e.*, 2.5% to each of the then four shareholders).

44.     This offer was their attempt to gain favor in order to garnish greater than 50% shareholder support for the plan (when Ralph Dispigno, Jr. refused to "sign," at the urging of certain of the Dispigno Parties, the deal was abandoned). Once the economics of the Rubinos'

proposal were explained to Ralph Dispigno, Jr. by certain of the Dispigno Parties, he responded, "That's not what was conveyed to me."

45.    When discussions ceased, the Rubino brothers opened a restaurant of their own in Ambler, Pennsylvania ("Jimmy Rubino's Ralph's of South Philadelphia") – again seeking to leverage the "Ralph's" name without financial consideration to Original Ralph's.

46.    They took no salaries from the Ambler establishment (as acknowledged by James Rubino, Jr.) in order to boost the start-up, while continuing to derive economic benefits from Original Ralph's, despite spending minimal time there.

47.    This appears to be the same template the Rubino Parties have deployed in their New Ralph's establishment.  However, in this case, the Dispigno Parties were not informed in advance or offered to participate in New Ralph's or Bar One, a bar the Rubino Parties are opening across the street from Original Ralph's.

48.    The infringement and misappropriation of the intellectual property and engagement in unfair competition constitute breaches of their fiduciary duties to Original Ralph's, including mismanagement of corporate opportunities and waste.

49.    In addition, the Rubino Parties have devoted substantial time to the operation of New Ralph's.  As a result, their efforts on behalf of Original Ralph's have waned while their salaries have continuously been paid by Original Ralph's.

50.    Although payroll documentation has never been made available to the Dispigno Parties, despite their repeated demands and entitlement to such information as shareholders and owners of Original Ralph's, circumstantial evidence strongly suggests that James Rubino, Jr. continues to overcompensate himself (as compared to market-based compensation for the general manager of a similar type restaurant and based on his time committed to Original

Ralph's) and members of the Rubino Parties at the expense of Original Ralph's, in breach of his fiduciary duties.

51.     In the meantime, Ralph Dispigno, Jr., at 87 years old, has maintained working significant hours in part to compensate for the absence of the Rubino Parties.

52.     The Rubino Parties also have engaged in multiple other breaches of their fiduciary duties, including failing to establish standard financial controls, failing to follow corporate governance formalities and failing to make equitable and appropriate distributions of net profits.

53.     For example, the sole Director of Original Ralph's (Elaine Dodaro) attempted to elect James Rubino, Jr. (her son) as a Director.

54.     This action was not legal as only shareholders may elect directors, and no shareholder vote was ever sought.

55.     Further, the other shareholders were neither informed of this action nor of the action to appoint James Rubino, Jr. as President.

56.     The Rubino Parties also have refused to share information on the operations, financial performance and financial condition of Original Ralph's, despite numerous shareholder requests.  The Rubino Parties additionally have refused to discuss changes to the Dispigno Parties' share of compensation and division of gross profits which the Dispigno Parties believe should accrue to them.  Even as sales and related profits at Original Ralph's were stronger and growing, the Dispigno Parties did not share in Original Ralph's financial success.  In fact, certain of the Dispigno Parties, as shareholders, have not received payments in ANY form for many years.  The Dispigno Parties believe this unwillingness by the Rubino Parties to appropriately and fairly allocate salary and gross profits to the Dispigno Parties serves to subsidize the other

activities of the Rubino Parties, including New Ralph's, Bar One, franchising, etc., and, recently, the addition of Ryan Rubino to Original Ralph's payroll.

57.     The information requested includes tax information (2015 Forms 1099 or W-2) needed by the Dispigno Parties (and which Original Ralph's is required by law to provide), a copy of Original Ralph's final, signed 2014 federal income tax return, select 2015 merchant statements, explanation of bank transfers to accounts not included in the Original Ralph's bank account composite and the 2014 Form 1099-K, among several other items.  In fact, William Lawson III, legal counsel and accountant for Original Ralph's, refused to even speak to the Dispigno Parties about this matter.

58.     Instead of complying with the Dispigno Parties' repeated requests, the Rubino Parties responded by offering to buy out the Dispigno Parties (which was rejected).

59.     Due to the Rubino Parties' unresponsiveness, the Dispigno Parties, to the best of their ability, filed 2015 income tax returns without having received the tax compliance reporting Original Ralph's is lawfully obligated to provide.

60.     Moreover, based on the limited financial information recently obtained by the Dispigno Parties, as well as the Rubino Parties' continued unwillingness to share any financial information, the Dispigno parties are very concerned that the Rubino Parties, as directors and officers of Original Ralph's, are exposing Original Ralph's and its shareholders to undue risk or liability through their financial mismanagement and lack of appropriate oversight.

61.     Finally, Defendant Ryan Rubino, an employee and owner of New Ralph's, is opening a bar across the street from Original Ralph's named "Bar One."[2]

62.     Mr. Rubino is using the name "Ralph's Italian Restaurant" and the reputation and heritage of Original Ralph's to build and market Bar One, which will compete directly with Original Ralph's, all without the permission of or compensation to Original Ralph's.

63.     Mr. Rubino has and continues to, without permission and despite the Dispigno Parties' objections, advertise Bar One on the Original Ralph's Facebook page, which links to the Original Ralph's website.

64.     In addition, Ryan Rubino has made statements to the media and the public suggesting (or outright falsely stating) that Bar One is associated or connected with Original Ralph's, in an attempt to trade off of and profit from Original Ralph's history, goodwill and reputation, without the consent or permission of, or any compensation to, Original Ralph's.  For example, in a February 2, 2016 interview with PhillyVoice, Ryan Rubino stated: "We want people to know it's Ralph's, but there will be zero crossover from the original Ralph's to Bar One...."     *See*     http://www.phillyvoice.com/bar-one-readying-brunch-and-booze-summer-opening/.

65.     Original Ralph's has only very limited second floor bar seating.  The owners have discussed this drawback over the years and have considered solutions, which even included the possibility of ultimately using the home next door to Original Ralph's, which is owned by Elaine Dodaro, for a bar and additional seating.

---

[2]  In Philly.com and PhillyVoice.com articles, it is noted that the fourth and fifth generations of the Original Ralph's family are opening Bar One, suggesting in one article and naming in another, that James and Edward Rubino are also involved.

66. Bar One's location would have been an ideal opportunity for Original Ralph's to expand. However, the Rubino Parties did not offer this opportunity to Original Ralph's or its shareholders.

67. The Dispigno Parties have consistently voiced their opposition to these actions.

68. They have attempted on multiple occasions to engage in good faith negotiations on mutually agreeable terms to resolve these disputes.

69. Despite the failure of such negotiations and the lack of a licensing agreement, the Rubino Parties moved forward unilaterally with their franchising efforts, after specifically telling the Dispigno Parties that franchising was put on hold.

## CLAIMS AND CAUSES OF ACTION

## COUNT I

**Federal Trademark Infringement And
False Designation Of Origin (15 U.S.C. § 1125(a)(1)(a))**

70. The Dispigno Parties incorporate by reference the allegations in paragraphs 1 through 69 above.

71. The Original Ralph's trademarks are valid and subsisting trademarks in full force and effect.

72. Original Ralph's owns the Original Ralph's trademarks.

73. The Original Ralph's trademarks have acquired secondary meaning and distinctiveness and are famous marks which are widely recognized marks by the consuming public.

74.     The Rubino Parties willfully, knowingly and intentionally used and continue to use the Original Ralph's trademarks in commerce and with the sale of products and services without the consent or permission of Original Ralph's.

75.     The use of the Original Ralph's trademarks in connection with the unauthorized sale of products and services by the Rubino Parties – including in connection with New Ralph's, Bar One and the sales or offers to sell Ralph's franchises – is likely to cause confusion, cause mistake or deceive because it suggests that the products and services offered for sale by the Rubino Parties are the same as the products legitimately bearing the Original Ralph's trademarks and originating from, or sponsored, authorized, or otherwise connected with, Original Ralph's.

76.     New Ralph's name, logo, reputation, menu, menu item names and recipes are substantially identical to those owned by Original Ralph's.  New Ralph's purposefully promotes and advertises its purported association with Original Ralph's and its brand, history and heritage.

77.     Moreover, customers of Original Ralph's have actually been deceived (meaning there is actual confusion in addition to a likelihood of confusion).  The Dispigno Parties have been approached on numerous occasions and in various locations around Philadelphia, including South Jersey, by individuals wishing to congratulate them on "their" expansion and expressing how pleased they are not to have to drive into South Philadelphia to dine at Ralph's.  Further, Ryan Rubino has indicated that part of the business plan and intent of New Ralph's was to draw on patrons from Original Ralph's.

78.     The Rubino Parties committed the acts alleged above with the intent to cause confusion and mistake, and to deceive.

79.     The Rubino Parties' unauthorized use of the Original Ralph's trademarks has infringed and materially damaged the value of the Original Ralph's trademarks.

80.     As a direct and proximate result of the Rubino Parties' actions, Original Ralph's and the Dispigno Parties have suffered and will continue to suffer great damage and irreparable harm to their business, goodwill, reputation, and profits.

81.     The Dispigno Parties have no adequate remedy at law for the Rubino Parties' infringement.   Unless the Rubino Parties are permanently enjoined, Original Ralph's and the Dispigno Parties will continue to suffer irreparable harm.

82.     Pursuant to 15 U.S.C. Section 1117(a), the Dispigno Parties are entitled to an award of attorneys' fees.

83.     The Court should accordingly determine that the Rubino Parties have engaged in trademark infringement by using the Original Ralph's trademarks in commerce.

## <u>COUNT II</u>

### <u>False Advertising (15 U.S.C. § 1125(a)(1)(b))</u>

84.     The Dispigno Parties incorporate by reference the allegations in paragraphs 1 through 83 above.

85.     The Original Ralph's trademarks are valid and subsisting trademarks in full force and effect.

86.     Original Ralph's owns the Original Ralph's trademarks.

87.     The Original Ralph's trademarks have acquired secondary meaning and distinctiveness and are famous marks which are widely recognized marks by the consuming public.

88.     In the Rubino Parties' listings on the Internet, including but not limited to Facebook,    "http://www.ralphsofsouthphilly.com/",    http://www.ownaralphs.com/,    and   in advertisements in print media, the Rubino Parties willfully, knowingly and intentionally used the

Original Ralph's trademark in commerce with the sale and advertising of products and services without the consent of Original Ralph's or the Dispigno Parties.

89.     The use of the Original Ralph's trademarks in connection with the unauthorized sale and advertising of products and services by the Rubino Parties is likely to cause confusion, cause mistake or deceive because it suggests that the products and services offered for sale are genuine and authentic products and services and originate from, or are sponsored, authorized, or otherwise connected with, Original Ralph's.

90.     The Rubino Parties' unauthorized and deceptive use of the Original Ralph's trademarks in their Internet listings and print advertising is material and likely to influence customers to purchase their products and services.

91.     New Ralph's name, logo, reputation, menu, menu item names and recipes are substantially identical to those owned by Original Ralph's.  New Ralph's purposefully promotes and advertises its purported association with Original Ralph's and its brand, history and heritage.

92.     Moreover, customers of Original Ralph's have actually been deceived (meaning there is actual confusion in addition to a likelihood of confusion).  The Dispigno Parties have been approached on numerous occasions and in various locations around Philadelphia, including South Jersey, by individuals wishing to congratulate them on "their" expansion and expressing how pleased they are not to have to drive into South Philadelphia to dine at Ralph's.  Further, Ryan Rubino has indicated that part of the business plan and intent of New Ralph's was to draw on patrons from Original Ralph's.

93.     As a result, Original Ralph's and the Dispigno Parties have suffered damages, including, but not limited to, loss of sales for products and services and a loss of goodwill associated with their products and services.

94.     Pursuant to 15 U.S.C. Section 1117(a), the Dispigno Parties are entitled to an award of attorneys' fees.

## COUNT III

### Unfair Competition (15 U.S.C. 1125(a))

95.     The Dispigno Parties incorporate by reference the allegations in paragraphs 1 through 94 above.

96.     The Original Ralph's trademarks are valid and subsisting trademarks in full force and effect.

97.     Original Ralph's owns the Original Ralph's trademarks.

98.     The Original Ralph's trademarks have acquired secondary meaning and distinctiveness and are famous marks which are widely recognized marks by the consuming public.

99.     The Rubino Parties willfully, knowingly and intentionally used the Original Ralph's trademarks in commerce with the sale and advertising of products and services without the consent of Original Ralph's or the Dispigno Parties.

100.    The use of the Original Ralph's trademarks in connection with the unauthorized sale and advertising of products and services by the Rubino Parties is likely to cause confusion, cause mistake or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship or approval of Original Ralph's products because it suggests that the products and services offered for sale by the Rubino Parties originate from, or are sponsored, authorized, or otherwise connected with, Original Ralph's.

101.   New Ralph's name, logo, reputation, menu, menu item names and recipes are substantially identical to those owned by Original Ralph's. New Ralph's purposefully promotes and advertises its purported association with Original Ralph's and its brand, history and heritage.

102.   Moreover, customers of Original Ralph's have actually been deceived (meaning there is actual confusion in addition to a likelihood of confusion). The Dispigno Parties have been approached on numerous occasions and in various locations around Philadelphia, including South Jersey, by individuals wishing to congratulate them on "their" expansion and expressing how pleased they are not to have to drive into South Philadelphia to dine at Ralph's. Further, Ryan Rubino has indicated that part of the business plan and intent of New Ralph's was to draw on patrons from Original Ralph's.

103.   The Rubino Parties' unauthorized sale of products and services bearing the Original Ralph's trademarks, and unauthorized use of the Original Ralph's trademarks in advertising, has materially damaged and continues to materially damage the value of the Original Ralph's trademarks and has caused, and will continue to cause, significant damages to Original Ralph's business relations.

104.   The Rubino Parties' unauthorized sale of products and services bearing the Original Ralph's trademarks and unauthorized use of the Original Ralph's trademarks in advertising infringed on the Original Ralph's trademarks.

105.   As a result, Original Ralph's and the Dispigno Parties have suffered, and will continue to suffer, damages, including, but not limited to, loss of sales, trademark infringement and damage to their existing and potential business relations.

106.   Pursuant to 15 U.S.C. Section 1117(a), the Dispigno Parties are entitled to an award of attorneys' fees.

-19-

## COUNT IV

### Trademark Dilution – (15 U.S.C. § 1125(c))

107.    The Dispigno Parties incorporate by reference the allegations in paragraphs 1 through 106 above.

108.    The Original Ralph's trademarks are valid and subsisting trademarks in full force and effect.

109.    Original Ralph's owns the Original Ralph's trademarks.

110.    The Original Ralph's trademarks have acquired secondary meaning and distinctiveness and are famous marks which are widely recognized marks by the consuming public.

111.    Original Ralph's products and services are sold and purchased exclusively through its Original Ralph's restaurant located at 760 South 9th Street in South Philadelphia, Pennsylvania.

112.    Original Ralph's is widely recognized as the designated source of goods bearing the Original Ralph's trademarks.

113.    The Rubino Parties' willful use of the Original Ralph's trademarks in connection with the unauthorized sale of their products and services diluted the Original Ralph's trademarks because the products and services sold or offered for sale by the Rubino Parties are not, in fact, genuine and authentic Original Ralph's products and services.

114.    New Ralph's name, logo, reputation, menu, menu item names and recipes are substantially identical to those owned by Original Ralph's.  New Ralph's purposefully promotes and advertises its purported association with Original Ralph's and its brand, history and heritage.

115.    Moreover, customers of Original Ralph's have actually been deceived (meaning there is actual confusion in addition to a likelihood of confusion).  The Dispigno Parties have been approached on numerous occasions and in various locations around Philadelphia, including South Jersey, by individuals wishing to congratulate them on "their" expansion and expressing how pleased they are not to have to drive into South Philadelphia to dine at Ralph's.  Further, Ryan Rubino has indicated that part of the business plan and intent of New Ralph's was to draw on patrons from Original Ralph's.

116.    As a result of the Rubino Parties' unlawful actions, the reputation and goodwill associated with the Original Ralph's trademarks was harmed and Original Ralph's and the Dispigno Parties have suffered, and will continue to suffer, immediate and irreparable injury.

117.    Further, Original Ralph's and the Dispigno Parties have suffered, and will continue to suffer, damages, including, but not limited to, loss of sales, trademark infringement and damage to their existing and potential business relations.

118.    Pursuant to 15 U.S.C. Section 1117(a), the Dispigno Parties are entitled to an award of attorneys' fees.

### COUNT V

### Common Law Trademark Infringement

119.    The Dispigno Parties incorporate by reference the allegations in paragraphs 1 through 118 above.

120.    The Original Ralph's trademarks are valid and subsisting trademarks in full force and effect.

121.    Original Ralph's owns the Original Ralph's trademarks.

122.    The Original Ralph's trademarks have acquired secondary meaning and distinctiveness and are famous marks which are widely recognized marks by the consuming public.

123.    Original Ralph's is widely recognized as the designated source of goods and services bearing the Original Ralph's trademarks.

124.    The Rubino Parties' knowing and willful use of the Original Ralph's trademarks in connection with the unauthorized and illegal sale or offer for sale of the Rubino Parties' products or services without Original Ralph's or the Dispigno Parties' consent infringed on the Original Ralph's trademarks.

125.    The "Ralph's" products and services sold or offered for sale by the Rubino Parties are not, in fact, genuine and authentic Original Ralph's products or services.

126.    The Rubino Parties' use of Original Ralph's trademarks is likely to cause confusion, mistake or deception among consumers, who believe that the Rubino Parties' products or services are identical to and endorsed by Original Ralph's when, in fact, they are not.

127.    New Ralph's name, logo, reputation, menu, menu item names and recipes are substantially identical to those owned by Original Ralph's.  New Ralph's purposefully promotes and advertises its purported association with Original Ralph's and its brand, history and heritage.

128.    Moreover, customers of Original Ralph's have actually been deceived (meaning there is actual confusion in addition to a likelihood of confusion).  The Dispigno Parties have been approached on numerous occasions and in various locations around Philadelphia, including South Jersey, by individuals wishing to congratulate them on "their" expansion and expressing how pleased they are not to have to drive into South Philadelphia to dine at Ralph's.  Further,

-22-

Ryan Rubino has indicated that part of the business plan and intent of New Ralph's was to draw on patrons from Original Ralph's.

129.   As a result of the Rubino Parties' unlawful actions, the reputation of the Original Ralph's trademarks was harmed and Original Ralph's and the Dispigno Parties have suffered, and will continue to suffer, immediate and irreparable injury.

130.   Further, Original Ralph's and the Dispigno Parties have suffered, and will continue to suffer, damages, including, but not limited to, loss of sales, trademark infringement, loss of goodwill associated with its products and services and damages to its existing and potential business relations.

131.   As a direct and proximate result of the Rubino Parties' unlawful acts as described herein, Original Ralph's and the Dispigno Parties have suffered, and will continue to suffer, monetary damages and irreparable injury.

## COUNT VI

## Common Law Unfair Competition

132.   The Dispigno Parties incorporate by reference the allegations in paragraphs 1 through 131 above.

133.   New Ralph's name, logo, reputation, menu, menu item names and recipes are substantially identical to those owned by Original Ralph's.  New Ralph's purposefully promotes and advertises its purported association with Original Ralph's and its brand, history and heritage.

134.   The Rubino Parties' conduct constitutes common law unfair competition.

135.   As a direct and proximate result of the Rubino Parties' unlawful acts as described herein, Original Ralph's and the Dispigno Parties have suffered, and will continue to suffer, monetary damages and irreparable injury.

<u>COUNT VII</u>

**<u>Breach Of Fiduciary Duty And Shareholder Oppression</u>**

136.    The Dispigno Parties incorporate by reference the allegations in paragraphs 1 through 135 above.

137.    The Rubino Parties, who include the sole director, officers (including the President) and employees of Original Ralph's, owe fiduciary duties of care and loyalty to Original Ralph's.  By reason of their fiduciary relationships, Defendants owe Original Ralph's and Plaintiffs the highest obligation of care, loyalty, good faith, oversight, supervision, reasonable inquiry, disclosure and fair dealing.

138.    The Rubino Parties, acting as officers and the sole director of Original Ralph's and individually, abused their authority, corporate and otherwise, and have violated and breached their fiduciary duties of care, loyalty, good faith, oversight, supervision, reasonable inquiry, disclosure and fair dealing owed to Original Ralph's and the Dispigno Parties, as set forth more fully herein.

139.    By infringing upon and misappropriating the intellectual property of Original Ralph's, the Rubino Parties have breached their duty of care by mismanaging Original Ralph's, misappropriating its corporate opportunities and wasting its assets.  They have also breached their duty of care by transferring multiple Original Ralph's employees, including a tenured cook, to New Ralph's, failing to establish standard financial controls and failing to follow basic corporate governance formalities, despite the objections of the Dispigno Parties.

140.    The Rubino Parties have breached their duty of loyalty to Original Ralph's by (i) causing New Ralph's and Bar One to use and to benefit from its intellectual property, reputation and heritage without paying any compensation to Original Ralph's, (ii) causing Original Ralph's

to overcompensate them relative to their efforts on its behalf and (iii) usurping corporate opportunities of Original Ralph's (*i.e.*, opening New Ralph's in King of Prussia and Bar One across the street from Original Ralph's, which has only unconventional and very limited bar capacity).

141.    Additionally, the Rubino Parties, led by an employee and officer of Original Ralph's, failed to offer Original Ralph's the opportunity to open a bar/restaurant across the street from Original Ralph's, even though the parties have been historically seeking a solution to the lack of a functional bar at Original Ralph's.

142.    Further, the Rubino Parties acted in bad faith and with deliberate indifference and disregard of their corporate responsibilities by, *inter alia*, engaging in accounting irregularities, wrongfully diverting corporate funds, failing to honor corporate obligations, diverting corporate opportunities, making unauthorized and self-interested expenditures and/or transactions and generally taking actions that disregard their duties as fiduciaries to Original Ralph's and its shareholders, including the Dispigno Parties, and that are not in Original Ralph's interests, as set forth more fully herein.

143.    The Rubino Parties have conferred and retained inequitable benefits on themselves, New Ralph's, Bar One and the other shareholders of New Ralph's.   This arrangement unjustly enriches the Rubino Parties at the expense of Original Ralph's and its other shareholders, in violation of their fiduciary duty of loyalty.

144.    As a direct and proximate result of the Rubino Parties' breaches of their fiduciary duties and willful misconduct, the Original Ralph's and its shareholders, including the Dispigno Parties, have sustained significant damages.

145.    Allowing Plaintiffs to bring this claim directly will not unfairly expose the corporation or the defendants to a multiplicity of actions, will not materially prejudice the interests of creditors of the corporation and will not interfere with a fair distribution of the recovery among all interested persons.

## COUNT VIII

### Unjust Enrichment

146.    The Dispigno Parties incorporate by reference the allegations in paragraphs 1 through 145 above.

147.    The Rubino Parties, who include the sole director, officers (including the President) and employees of Original Ralph's, acting as officers and the sole directors of Original Ralph's and individually, abused their authority, corporate and otherwise, and have wrongfully secured a benefit from the Dispigno Parties by, *inter alia*, paying themselves excessive salaries from Original Ralph's while simultaneously taking no salaries (or low salaries) from their other restaurants and while spending significantly more time on these other ventures than on Original Ralph's.

148.    The Rubino Parties, acting as officers and the sole director of Original Ralph's and individually, abused their authority, corporate and otherwise, by knowingly accepting and retaining the benefits conferred upon them at the Dispigno Parties' direct harm and expense.

149.    The Rubino Parties have been further unjustly enriched at the expense of Original Ralph's and the Dispigno Parties, as a result of their shareholder oppression, self-dealing, conflicts of interest, misuse and diversion of corporate assets and opportunities, corporate mismanagement, accounting irregularities and unilateral and unauthorized corporate decision-making set out more fully herein.

150.     To the extent the Complaint alleges injury to Original Ralph's as a corporation, allowing Plaintiffs to bring this claim directly will not unfairly expose the corporation or the defendants to a multiplicity of actions, will not materially prejudice the interests of creditors of the corporation and will not interfere with a fair distribution of the recovery among all interested persons.

**COUNT IX**

**Accounting**

151.     The Dispigno Parties incorporate by reference the allegations in paragraphs 1 through 150 above.

152.     The Rubino Parties manage and oversee the day-to-day financial affairs of Original Ralph's and, therefore, have effective control of its accounting and tax affairs. Moreover, they intentionally withheld financial data and documentation from the Dispigno Parties, in response to the Dispigno Parties' repeated requests for such information, and specifically instructed Original Ralph's attorney and accountant to not respond to any related requests from the Dispigno Parties.

153.     By reason of the foregoing, the Rubino Parties have superior and exclusive access to information regarding Original Ralph's, to the exclusion of the Dispigno Parties.

154.     By reason of the Rubino Parties' superior and exclusive access to information and the corporate books and records, and their fiduciary status, the Rubino Parties owe a duty to account to the Dispigno Parties and Original Ralph's as to the financial affairs of Original Ralph's.

## PRAYER FOR RELIEF

**WHEREFORE**, the Dispigno Parties respectfully request that:

(1)    The Court find and enter Judgment in their favor and against Defendants on each of Plaintiffs' Claims for Relief, Counts I through IX, inclusive.

(2)    The Court enjoin and restrain Defendants from:

(a)    directly or indirectly using, in whole or in part, or in any form, the Original Ralph's name, trademarks, trade dress, logo, reputation, menu, menu item names, recipes, social media, website, Facebook page name or any other mark, word or name similar to Original Ralph's IP which is likely to cause confusion, mistake or to deceive, including any mark or name that includes the term "RALPH'S";

(b)    directly or indirectly using, in whole or in part, or in any form, the marks and/or names "RALPH'S";

(c)    making any false or misleading designation or representation of origin, and/or engaging in any unfair methods of competition and/or unfair and/or deceptive acts or practices which may or are likely to cause the actual or potential customers of Original Ralph's and/or New Ralph's or Bar One and/or the public in general to believe that New Ralph's, Bar One and/or their products, services or business are in any way associated, affiliated or connected with, or sponsored by, Original Ralph's or otherwise falsely designating or representing the source, origin, sponsorship, connection or affiliation of New Ralph's, Bar One and/or the Rubino Parties' activities or business, *vis-à-vis* Original Ralph's;

(d)    diluting Original Ralph's trademarks; and

(e)    unfairly competing with Original Ralph's.

-28-

(3)    The Court require the Rubino Parties to account for and pay over to Original Ralph's all gains, profits and advantages derived by them from the activities complained of herein (*i.e.*, disgorgement of profits).

(4)    The Court award the Dispigno Parties their actual damages caused by Defendants' acts complained of herein.

(5)    The Court award the Dispigno Parties treble the amount of actual damages suffered by the Dispigno Parties.

(6)    The Court award the Dispigno Parties compensatory damages in an amount to be proven at trial, for which the Rubino Parties shall be liable.

(7)    The Court award the Dispigno Parties punitive damages, for which the Rubino Parties shall be liable.

(8)    The Court award Original Ralph's a reasonable royalty for past and any permitted future use of Original Ralph's intellectual property.

(9)    The Court award the Dispigno Parties their costs in this civil action.

(10)    The Court award the Dispigno Parties their reasonable attorneys' fees.

(11)    The Court order that the Rubino Parties transfer to Original Ralph's the domain names "http://www.ralphsofsouthphilly.com/" and "http://www.ownaralphs.com/".

(12)    The Court order the Rubino Parties to account to the Dispigno Parties and Original Ralph's as to the financial affairs of Original Ralph's.

(13)    The Court declare that this case is exceptional under 15 U.S.C. § 1117 and award the Dispigno Parties their costs and attorneys' fees.

(14)    The Court order the Rubino Parties to install modern, electronic POS system, establish basic protocols to address corporate governance (conduct regular meetings, quarterly

distribution of appropriate financial reports, etc.), immediately provide prior year federal income tax returns and other requested financial information, nominate a slate of directors representing each ownership "family" and immediately subsequently elect appropriate officers.

(15)   The Court order the Rubino Parties to immediately provide tax reporting which, by law, was to have been made available by January 31, 2016, immediately file any amended tax returns for all affected periods, as needed, replace Original Ralph's legal counsel and engage an independent CPA with small, closely-held business, restaurant and tax experience (both acceptable to all shareholders) and of unquestionable integrity and ethics.

(16)   The Court order the Rubino Parties to immediately cease and desist all inequitable, excessive or disproportionate compensation, pay only "fair" compensation going forward, and pay restitution to the Dispigno Parties.

(17)   The Court award such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

The Dispigno Parties demand a trial by jury of all triable claims.

Theodore H. Jobes, Esquire
Pennsylvania Atty. No. 62165
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2786
(215) 299-2150 (fax)
tjobes@foxrothschild.com

Attorney for Plaintiffs, Karen Castagna, as Trustee for Ralph Dispigno, Jr., Michele Anastasi, and Frank Spadea

Dated:  September 21, 2016

-30-